PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

Aaron M. Frankel (*pro hac vice*)
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
afrankel@kramerlevin.com

*Attorneys for Defendant and Counterclaim-Plaintiff*
ACCELERATION BAY LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATION BAY LLC, a Delaware Corporation,<br><br>Defendant. | Case No.: 4:19-cv-04133-YGR<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF ACCELERATION BAY, LLC'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Acceleration Bay LLC ("Acceleration Bay") hereby answers the Complaint for Declaratory Judgment of Non-Infringement of Plaintiff Epic Games, Inc. ("Epic Games") filed on July 18, 2019 (Dkt. No. 1, the "Complaint") as follows:

## PARTIES AND BACKGROUND

1.      Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

2.      Admitted that Acceleration Bay obtained ownership from The Boeing Company of U.S. Patent Nos. 6,701,344 (the "'344 Patent"), 6,714,966 (the "'966 Patent"), 6,829,634 (the '634 Patent"), 6,732,147 (the "'147 Patent"), 6,910,069 (the "'069 Patent"), 6,920,497 (the "'497 Patent"), and 7,412,537 (the "'537 Patent") (together, the "Acceleration Bay Patents").  Admitted that Epic Games attached copies of the Acceleration Bay Patents to its Complaint.  Denied as to the further allegations in this paragraph.

3.      Admitted that on December 28, 2018, Acceleration Bay sent a letter to Epic Games. Denied as to the remaining allegations in this paragraph.

4.      Admitted that this paragraph includes snippets of text excerpted from the December 28 letter.  Denied as to the further allegations in this paragraph.

5.      Admitted that Acceleration Bay sent a second letter to Epic Games and that Epic Games has excerpted portions of the letter in this paragraph.  Denied as to the further allegations in this paragraph.

6.      Denied.

7.      Denied.

8.      Admitted.

9.      Admitted that Acceleration Bay has not previously provided claim charts or an infringement analysis to Epic Games.  Denied as to the further allegations in this paragraph.

10.      Denied.

11.      Denied.

12.      Denied.

ACCELERATION BAY'S
ANSWER AND COUNTERCLAIMS

CASE NO.: 4:19-cv-04133-YGR

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied as to the '344, '966, '634, '147, '069, and '497 Patents.  Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph as to the '537 Patent and therefore denies them on that basis.

17.     Denied.

18.     Denied.

19.     Admitted.

20.     Denied that computer networks, as claimed in the Acceleration Bay Patents, existed and were in public use prior to the inventions of the Acceleration Bay Patents.

21.     Admitted that certain claims in the Acceleration Bay Patents recite a "broadcast channel," otherwise denied.

22.     Admitted that Epic Games has quoted the specification of the '344 Patent at 4:12-14, otherwise denied.

23.     Denied that broadcast channels, as claimed in the Acceleration Bay Patents, existed and were in public use prior to the inventions of the Acceleration Bay Patents.

24.     Denied.

25.     Admitted that Epic Games has quoted the specification of the '344 Patent at 1:58-60, otherwise denied.

26.     Epic Games' allegations in this paragraph are vague and ambiguous as to the technology at issue.  Accordingly, Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

ACCELERATION BAY'S                                        CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

31.     Denied.

32.     Admitted that networks were used with videogames prior to the inventions of the Acceleration Bay Patents, but denied that those networks are comparable to the inventions of the Acceleration Bay Patents and denied as to the remaining allegations in this paragraph.

33.     Admitted that multiplayer videogames existed prior to the inventions of the Acceleration Bay Patents, but denied that the networks in those videogames are comparable to the inventions of the Acceleration Bay Patents and denied as to the remaining allegations in this paragraph.

34.     Denied.

35.     Admitted that Epic Games quotes an excerpt from the '344 Patent at 1:65-67, otherwise denied.

36.     Denied.

37.     Admitted that Epic Games quotes an excerpt from the '344 Patent at 4:39-42, otherwise denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Admitted that Epic Games quotes an excerpt from Claim 9 of the '497 Patent, otherwise denied.

45.     Denied.

46.     Denied

### **NATURE OF THE ACTION**

47.     Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

48.     Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

**PARTIES, JURISDICTION AD VENUE**

49.     Admitted.

50.     Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

51.     Admitted that Acceleration Bay is a Delaware LLC, with a current principal place of business in this District at 2401 E. 3rd Ave, Foster City, California.  Any further allegations in this paragraph are denied.

52.     Admitted that Epic Games seeks a declaration of non-infringement.  Denied that the Court has subject matter jurisdiction to hear Epic Games' declaratory judgment claims.  Any further allegations in this paragraph are denied.

53.     Admitted for purposes of this action only that the Court has personal jurisdiction over Acceleration Bay.

54.     Admitted for purposes of this action only that venue is proper in this District.

55.     Denied.

56.     Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

57.     Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph as to Epic Games' awareness and state of mind and therefore denies them on that basis.  Acceleration Bay denies all further allegation in this paragraph.

58.     Denied.

59.     Denied.

**INTRADISTRICT ASSIGNMENT**

60.     Admitted.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION

61.     As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

62.     Denied that Acceleration Bay accused Epic Games of infringement of the '344 Patent prior to the filing of this action.

63.     Admitted, except denied that this is shown in Exhibit 1.

64.     Admitted that this paragraph includes the text of various claims with Epic Games' claim enumeration and element divisions added.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Admitted.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied prior to the filing of the counterclaims herein.

79.     Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

### SECOND CAUSE OF ACTION

80.     As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

81.     Denied that Acceleration Bay accused Epic Games of infringement of the '966 Patent prior to the filing of this action.

82.     Admitted, except denied that this is shown in Exhibit 2.

83.     Admitted that this paragraph includes the text of various claims with Epic Games' claim enumeration and element divisions added.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Admitted.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

## THIRD CAUSE OF ACTION

98.     As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

99.     Denied that Acceleration Bay accused Epic Games of infringement of the '634 Patent prior to the filing of this action.

100.    Admitted, except denied that this is shown in Exhibit 3.

6

ACCELERATION BAY'S                                          CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

101.   Admitted that the District Court for the District of Delaware found Claims 19 and 22 invalid, but denied that these claims were correctly found invalid.  The validity of these claims has not yet been determined on appeal.

102.   Admitted that this paragraph includes the text of various claims with Epic Games' claim enumeration and element divisions added.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Admitted.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied prior to the filing of the counterclaims herein.

117.   Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

**FOURTH CAUSE OF ACTION**

118.   As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

119.   Denied that Acceleration Bay accused Epic Games of infringement of the '069 Patent prior to the filing of this action.

ACCELERATION BAY'S                                    CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

120.    Admitted that this paragraph includes the text of various claims with Epic Games' claim enumeration and element divisions added.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Admitted.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied prior to the filing of the counterclaims herein.

133.    Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

### FIFTH CAUSE OF ACTION

134.    As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

135.    Denied that Acceleration Bay accused Epic Games of infringement of the '147 Patent prior to the filing of this action.

136.    Admitted that the District Court for the District of Delaware found Claims 11, 15 and 16 invalid, but denied that these claims were correctly found invalid.  The validity of these claims has not yet been determined on appeal.

137.    Denied that these claims were correctly found invalid.

138.    Admitted that this paragraph includes the text of Claim 1 with Epic Games' claim enumeration and element divisions added.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Admitted.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied prior to the filing of the counterclaims herein.

152.   Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

## SIXTH CAUSE OF ACTION

153.   As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

154.   Denied that Acceleration Bay accused Epic Games of infringement of the '497 Patent prior to the filing of this action.

155.   Admitted, except denied that this is shown in Exhibit 6.

156.   Admitted that this paragraph includes the text of various claims with Epic Games' claim enumeration and element divisions added.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

9

161.    Denied.

162.    Denied.

163.    Denied.

164.    Admitted.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied prior to the filing of the counterclaims herein.

170.    Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Denied that Epic Games does not infringe.

**SEVENTH CAUSE OF ACTION**

171.    As this paragraph merely realleges the allegations of the previous paragraphs, Acceleration Bay incorporates its responses to the previous paragraphs.

172.    Denied.

173.    Admitted that this paragraph includes the text of claim 1 with Epic Games' claim enumeration and element divisions added.

174.    Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

175.    Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

176.    Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

177.    Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

178.    Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in this paragraph and therefore denies them on that basis.

ACCELERATION BAY'S                                              CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

179.   Denied.

180.   Denied.

181.   Admitted that this is a declaratory judgment action seeking a declaration of non-infringement.  Acceleration Bay lacks knowledge and information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and therefore denies them on that basis.

## REQUEST FOR RELIEF

Acceleration Bay denies that Epic Games in entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof, and without waiver, limitation or prejudice, Acceleration Bay hereby asserts the following affirmative defense:

### First Affirmative Defense
### (Failure to State Claim)

The Complaint fails to state a claim upon which relief may be granted against Acceleration Bay, and fails to allege sufficient facts.

## RESERVATION OF DEFENSES

Acceleration Bay's investigation of its defenses is ongoing.  Acceleration Bay reserves the right to allege and assert any additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

1.   Acceleration Bay is a Delaware limited liability corporation, with its principal place of business at 2401 E 3rd Ave, Foster City, California 94404.

2.   Epic Games purports to be and, on information and belief is, a Maryland corporation with its principal place of business at 620 Crossroads Blvd., Cary, North Carolina, 27518.

3.   Epic Games makes, uses, sells, offers for sale, and/or imports into the United States and this District products and services that utilize multiplayer or multisystem network technology as claimed in Claim 21 of the '344 Patent, Claim 19 of the '966 Patent, Claim 25 of the '634 Patent,

11

Claims 6-10 of the '147 Patent, Claims 2 and 6 of the '497 Patent and Claims 14-17 of the '069 Patent (collectively, the "Asserted Claims"), including the Fortnite line of videogames ("Fortnite").  Fortnite includes a Battle Royale mode, which is a player vs. player game for up to 100 players.  Players can participate in squads, which usually are configured to consist of three or four players.

  

4.      To enable Fortnite's popular Battle Royale mode to operate, Fortnite broadcasts gameplay data between the players who are participating in the battle.  The gameplay data include player moves and commands, status and communications.

ACCELERATION BAY'S
ANSWER AND COUNTERCLAIMS

CASE NO.: 4:19-cv-04133-YGR



5.      Fortnite's Battle Royale includes squad modes where teams of a fixed size (such as 4 members) are formed.  "Auto-fill" can be used to ensure that each squad has the same number of members.  Members in a squad share messages directly with each other (such as voice chat) that are not directly shared with any other participants, making the network incomplete, and all participants have the same number of connections, due to the squad configurations, making the network m-regular.

6.      Epic Games has been and is now infringing Claim 21 of the '344 Patent, Claim 19 of the '966 Patent, Claim 25 of the '634 Patent, Claims 6-10 of the '147 Patent, Claims 2 and 6 of the '497 Patent and Claims 14-17 of the '069 Patent in this judicial District, and elsewhere in the United States by, among other things, making, using, importing, selling, and/or offering for sale Fortnite.

ACCELERATION BAY'S                                              CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS



7.      Epic Games has been and is now infringing Claim 21 of the '344 Patent, Claim 19 of the '966 Patent, Claim 25 of the '634 Patent, Claims 6-10 of the '147 Patent, Claims 2 and 6 of the '497 Patent and Claims 14-17 of the '069 Patent in this judicial District, and elsewhere in the United States by, among other things, making, using, importing, selling, and/or offering for sale Fortnite.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

9.      This Court has personal jurisdiction over Epic Games because Epic Games has availed itself of the jurisdiction of this Court, and has engaged in acts giving rise to this controversy in this district, including selling Fortnite in this District.

10.      Epic Games has consented to venue in this Court by filing its Complaint against Acceleration Bay in this District and thus venue for Acceleration Bay's Counterclaim is proper in this district.

ACCELERATION BAY'S                                     CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

1

## THE ASSERTED PATENTS

2      11.    On March 2, 2004, the USPTO issued the '344 Patent, entitled DISTRIBUTED GAME

3 ENVIRONMENT, with inventors Fred B. Holt and Virgil E. Bourassa.  The Boeing Company

4 ("Boeing") assigned all rights, title, and interest in the '344 Patent to Acceleration Bay, which is the

5 sole owner of the '344 Patent.

6      12.    On March 30, 2004, the USPTO issued the '966 Patent, entitled INFORMATION

7 DELIVERY SERVICE, with inventors Fred B. Holt and Virgil E. Bourassa.  Boeing assigned all

8 rights, title, and interest in the '966 Patent to Acceleration Bay, which is the sole owner of the '966

9 Patent.

10      13.    On May 4, 2004, the USPTO issued the '147 Patent, entitled LEAVING A

11 BROADCAST CHANNEL, with inventors Fred B. Holt and Virgil E. Bourassa.  Boeing assigned all

12 rights, title, and interest in the '147 Patent to Acceleration Bay, which is the sole owner of the '147

13 Patent.

14      14.    On December 7, 2004, the USPTO issued the '634 Patent, entitled BROADCASTING

15 NETWORK, with inventors Fred B. Holt and Virgil E. Bourassa.  Boeing assigned all rights, title, and

16 interest in the '634 Patent to Acceleration Bay, which is the sole owner of the '634 Patent.

17      15.    On June 21, 2005, the USPTO issued the '069 Patent, entitled JOINING A

18 BROADCAST CHANNEL, with inventors Fred B. Holt and Virgil E. Bourassa.  Boeing assigned all

19 rights, title, and interest in the '069 Patent to Acceleration Bay, which is the sole owner of the '069

20 Patent.

21      16.    On July 19, 2005, the USPTO issued the '497 Patent, entitled CONTACTING A

22 BROADCAST CHANNEL, with inventors Fred B. Holt and Virgil E. Bourassa.  Boeing assigned all

23 rights, title, and interest in the '497 Patent to Acceleration Bay, which is the sole owner of the '497

24 Patent.

25

26

27

28

ACCELERATION BAY'S                 CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

## COUNT I
### (Direct Infringement of Claim 21 of the '344 Patent pursuant to 35 U.S.C. § 271(a))

17.     Acceleration Bay repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

18.     Epic Games has infringed and continues to infringe Claim 21 of the '344 Patent in violation of 35 U.S.C. § 271(a).

19.     Epic Games' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

20.     Epic Games' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Acceleration Bay.

21.     Epic Games' infringement includes the manufacture, use, sale, importation and/or offer for sale of Epic Games' products and services, including, Fortnite which infringes Claim 21 of the '344 Patent.

22.     Epic Games' infringement of Claim 21 of the '344 Patent has injured and continues to injure Acceleration Bay in an amount to be proven at trial.

## COUNT II
### (Direct Infringement of Claim 19 of the '966 Patent pursuant to 35 U.S.C. § 271(a))

23.     Acceleration Bay repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

24.     Epic Games has infringed and continues to infringe Claim 19 of the '966 Patent in violation of 35 U.S.C. § 271(a).

25.     Epic Games' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

26.     Epic Games' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Acceleration Bay.

ACCELERATION BAY'S                                     CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

27.     Epic Games' infringement includes the manufacture, use, sale, importation and/or offer for sale of Epic Games' products and services, including, Fortnite which infringes Claim 19 of the '966 Patent.

28.     Epic Games' infringement of Claim 19 of the '966 Patent has injured and continues to injure Acceleration Bay in an amount to be proven at trial.

<u>COUNT III</u>
**(Direct Infringement of Claims 6-10 of the '147 Patent pursuant to 35 U.S.C. § 271(a))**

29.     Acceleration Bay repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

30.     Epic Games has infringed and continues to infringe Claims 6-10 of the '147 Patent in violation of 35 U.S.C. § 271(a).

31.     Epic Games' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

32.     Epic Games' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Acceleration Bay.

33.     Epic Games' infringement includes the manufacture, use, sale, importation and/or offer for sale of Epic Games' products and services, including, Fortnite which infringes Claims 6-10 of the '147 Patent.

34.     Epic Games' infringement of Claims 6-10 of the '147 Patent is a result of Epic Games' own actions and/or its actions in combination with the actions of users of Fortnite, such as its customers, to perform the steps of the claimed methods.

35.     Epic Games has direction or control over users' performance of the steps of the methods of Claims 6-10 of the '147 Patent as evident from and through the Terms of Service for its products and services that users must agree to prior to use of Epic Games' products or services.  Exemplary excerpts from the Terms of Service are reproduced below:

ACCELERATION BAY'S                                          CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

Intellectual Property Rights

The Services, including all content, features, and functionality thereof, are owned by Epic, its licensors, or other providers of such material and are protected by United States and international copyright, trademark, patent, and other intellectual property or proprietary rights laws.

You are permitted to use the Services for your personal, non-commercial use only or legitimate business purposes related to your role as a current or prospective customer of Epic. Except as provided below, you must not copy, modify, create derivative works of, publicly display, publicly perform, republish, or transmit any of the material obtained through the Services, or delete, or alter any copyright, trademark, or other proprietary rights notices from copies of materials from the Services. However, if you are otherwise in compliance with these Terms, you are permitted to use, elsewhere and on other websites, an unaltered copy of portions of the content that is publicly available on the Website for the limited, non-commercial purpose of discussing such content.

You must not reproduce, sell, or exploit for any commercial purposes any part of the Services, access to the Services or use of the Services or any services or materials available through the Services. Epic's Fan Content Policy governs non-commercial use of such content.

For clarity, the foregoing permissions are limited to the Services, and no rights are granted with respect to any servers, computers, or databases associated with the Services.

36.    Epic Games maintains control at all times over the operation and dissemination of content by users of Epic Games' products and services, and the users are contractually required to use only Epic Games' software to access Epic Games' online services and features, and may not modify the software.

37.    Epic Games' infringement of Claims 6-10 of the '147 Patent has injured and continues to injure Acceleration Bay in an amount to be proven at trial.

## **COUNT IV**
### **(Direct Infringement of Claim 25 of the '634 Patent pursuant to 35 U.S.C. § 271(a))**

38.    Acceleration Bay repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

39.     Epic Games has infringed and continues to infringe Claim 25 of the '634 Patent in violation of 35 U.S.C. § 271(a).

40.     Epic Games' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

41.     Epic Games' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Acceleration Bay.

42.     Epic Games' infringement includes the manufacture, use, sale, importation and/or offer for sale of Epic Games' products and services, including, Fortnite which infringes Claim 25 of the '634 Patent.

43.     Epic Games' infringement of Claim 25 of the '634 Patent has injured and continues to injure Acceleration Bay in an amount to be proven at trial.

## COUNT V
### (Direct Infringement of Claims 14-17 of the '069 Patent pursuant to 35 U.S.C. § 271(a))

44.     Acceleration Bay repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

45.     Epic Games has infringed and continues to infringe Claims 14-17 of the '069 Patent in violation of 35 U.S.C. § 271(a).

46.     Epic Games' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

47.     Epic Games' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Acceleration Bay.

48.     Epic Games' infringement includes the manufacture, use, sale, importation and/or offer for sale of Epic Games' products and services, including, Fortnite which infringes Claims 14-17 of the '069 Patent.

ACCELERATION BAY'S                                    CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

49.     Epic Games' infringement of Claims 14-17 of the '069 Patent is a result of Epic Games' own actions and/or its actions in combination with the actions of users of Fortnite, such as its customers, to perform the steps of the claimed methods.

50.     Epic Games has direction or control over users' performance of the steps of the methods of Claims 14-17 of the '069 Patent as evident from and through the Terms of Service for its products and services that users must agree to prior to use of Epic Games' products or services.  Exemplary excerpts from the Terms of Service are reproduced below:

Intellectual Property Rights

The Services, including all content, features, and functionality thereof, are owned by Epic, its licensors, or other providers of such material and are protected by United States and international copyright, trademark, patent, and other intellectual property or proprietary rights laws.

You are permitted to use the Services for your personal, non-commercial use only or legitimate business purposes related to your role as a current or prospective customer of Epic. Except as provided below, you must not copy, modify, create derivative works of, publicly display, publicly perform, republish, or transmit any of the material obtained through the Services, or delete, or alter any copyright, trademark, or other proprietary rights notices from copies of materials from the Services. However, if you are otherwise in compliance with these Terms, you are permitted to use, elsewhere and on other websites, an unaltered copy of portions of the content that is publicly available on the Website for the limited, non-commercial purpose of discussing such content.

You must not reproduce, sell, or exploit for any commercial purposes any part of the Services, access to the Services or use of the Services or any services or materials available through the Services. Epic's Fan Content Policy governs non-commercial use of such content.

For clarity, the foregoing permissions are limited to the Services, and no rights are granted with respect to any servers, computers, or databases associated with the Services.

51.     Epic Games maintains control at all times over the operation and dissemination of content by users of Epic Games' products and services, and the users are contractually required to use only Epic Games' software to access Epic Games' online services and features, and may not modify the software.

ACCELERATION BAY'S                                         CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

52.     Epic Games' infringement of Claims 14-17 of the '069 Patent has injured and continues to injure Acceleration Bay in an amount to be proven at trial.

## COUNT VI
### (Direct Infringement of Claims 2 and 6 of the '497 Patent pursuant to 35 U.S.C. § 271(a))

53.     Acceleration Bay repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

54.     Epic Games has infringed and continues to infringe Claims 2 and 6 of the '497 Patent in violation of 35 U.S.C. § 271(a).

55.     Epic Games' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

56.     Epic Games' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Acceleration Bay.

57.     Epic Games' infringement includes the manufacture, use, sale, importation and/or offer for sale of Epic Games' products and services, including, Fortnite which infringes Claims 2 and 6 of the '497 Patent.

58.     Epic Games' infringement of Claims 2 and 6 of the '497 Patent is a result of Epic Games' own actions and/or its actions in combination with the actions of users of Fortnite, such as its customers, to perform the steps of the claimed methods.

59.     Epic Games has direction or control over users' performance of the steps of the methods of Claims 2 and 6 of the '497 Patent as evident from and through the Terms of Service for its products and services that users must agree to prior to use of Epic Games' products or services.  Exemplary excerpts from the Terms of Service are reproduced below:

> Intellectual Property Rights
>
> The Services, including all content, features, and functionality thereof, are owned by Epic, its licensors, or other providers of such material and are protected by United States and international copyright, trademark, patent, and other intellectual property or proprietary rights laws.

ACCELERATION BAY'S                                            CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

You are permitted to use the Services for your personal, non-commercial use only or legitimate business purposes related to your role as a current or prospective customer of Epic. Except as provided below, you must not copy, modify, create derivative works of, publicly display, publicly perform, republish, or transmit any of the material obtained through the Services, or delete, or alter any copyright, trademark, or other proprietary rights notices from copies of materials from the Services. However, if you are otherwise in compliance with these Terms, you are permitted to use, elsewhere and on other websites, an unaltered copy of portions of the content that is publicly available on the Website for the limited, non-commercial purpose of discussing such content.

You must not reproduce, sell, or exploit for any commercial purposes any part of the Services, access to the Services or use of the Services or any services or materials available through the Services. Epic's Fan Content Policy governs non-commercial use of such content.

For clarity, the foregoing permissions are limited to the Services, and no rights are granted with respect to any servers, computers, or databases associated with the Services.

60.     Epic Games maintains control at all times over the operation and dissemination of content by users of Epic Games' products and services, and the users are contractually required to use only Epic Games' software to access Epic Games' online services and features, and many not modify the software.

61.     Epic Games' infringement of Claims 2 and 6 of the '497 Patent has injured and continues to injure Acceleration Bay in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Acceleration Bay prays for judgment and relief as follows:

A.     An entry of judgment holding Epic Games has infringed and is infringing Claim 21 of the '344 Patent, Claim 19 of the '966 Patent, Claim 25 of the '634 Patent, Claims 6-10 of the '147 Patent, Claims 14-17 of the '069 Patent, and Claims 2 and 6 of the '497 Patent;

B.     An award to Acceleration Bay of such damages as it shall prove at trial against Epic Games that are adequate to fully compensate Acceleration Bay for Epic Games' infringement of the '344 Patent, '966 Patent, '147 Patent, '634 Patent, '069 Patent, and '497 Patent, said damages to be no less than a reasonable royalty, calculated at this time to be $402,900,000.00;

ACCELERATION BAY'S                                                 CASE NO.: 4:19-cv-04133-YGR
ANSWER AND COUNTERCLAIMS

C.    A finding that this case is "exceptional," and an award to Acceleration Bay of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

D.    An accounting of all infringing sales and revenues, together with post-judgment interest and pre-judgment interest from the first date of infringement of the '344 Patent, '966 Patent, '147 Patent, '634 Patent, '069 Patent, and '497 Patent; and

E.    Such further and other relief as the Court may deem proper and just.

Respectfully submitted,

Dated:  November 5, 2019

By: */s/ Paul J. Andre*
Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237978)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

Aaron M. Frankel (*pro hac vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
afrankel@kramerlevin.com

*Attorneys for Defendant and*
*Counterclaim-Plaintiff*
ACCELERATION BAY LLC

ACCELERATION BAY'S
ANSWER AND COUNTERCLAIMS

CASE NO.: 4:19-cv-04133-YGR

## <u>DEMAND FOR JURY TRIAL</u>

Acceleration Bay demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  November 5, 2019

By:  */s/ Paul J. Andre*

Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237978)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

Aaron M. Frankel (*pro hac vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
afrankel@kramerlevin.com

*Attorneys for Defendant and*
*Counterclaim-Plaintiff*
ACCELERATION BAY LLC

ACCELERATION BAY'S
ANSWER AND COUNTERCLAIMS

CASE NO.: 4:19-cv-04133-YGR