UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIC GAMES, INC.,

              Plaintiff,

     v.

ACCELERATION BAY LLC,

           Defendant.

Case No. 19-cv-04133-YGR   (SK)

**ORDER REGARDING DISPUTED PROTECTIVE ORDER**

Regarding Docket No. 63

      The parties filed a joint letter brief to address their dispute regarding provisions in a protective order.  The parties dispute the terms of a protective order regarding the review of source code.

      Plaintiff Epic Games, Inc. requests that the Court issue a protective order that states that a receiving party of materials designated as "Highly Confidential – Source Code" be allowed to disclose those materials to only three experts.  Plaintiff provides no valid reason for limiting the disclosure other than Plaintiff's argument that Defendant does not need more than three experts, and Defendant Acceleration Bay LLC explains that, to examine source code, it might be required to retain different expert witnesses for different parts of the source code.  The Court cannot determine in advance how many experts are necessary to examine source code in this case. The Court DENIES this request.

      Plaintiff also requests that the Court issue a protective order that allows a receiving party only 50 hours to review materials designated as "Highly Confidential – Source Code."  Again, Plaintiff argues that Defendant does not need more than 50 hours and that Defendant in another case demanded an additional 30 days to review source code, one month before the discovery deadline, and the court there denied those requests.  The Court again cannot pre-determine the amount of time needed to examine the source code and will not set a limit at this time.  If

1  Defendant abuses the process, the parties can seek guidance from the Court. The Court DENIES

2  Plaintiff's request.

3       Finally, Plaintiff requests that the Court issue a protective order that allows a receiving

4  party who reviews materials designated as "Highly Confidential – Source Code" to take notes only

5  by hand. In contrast, Defendant proposes that it be able to take notes electronically but with a

6  computer that is not connected to any other network, the internet, or any peripheral device other

7  than a keyboard, mouse, and monitor (i.e., without a camera). Forcing litigants to take notes by

8  hand in a high technology case is an unnecessary burden on the litigants. The Court DENIES

9  Plaintiff's request and instead GRANTS Defendant's request.

10       The Court will adopt the version proposed by Defendant. Defendant must email its

11  proposed version in Microsoft Word to skpo@cand.uscourts.gov by January 22, 2020.

12       **IT IS SO ORDERED**.

13  Dated: January 17, 2020

14  _____

15  SALLIE KIM
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28